**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAREN GUERTIN, | Case No. 2:11-cv-01531-JCM-PAL |
| Plaintiff, | **ORDER** |
| vs. | (IFP App - Dkt. #1) |
| ONE WEST BANK, FSB, et al., | |
| Defendants. | |

Plaintiff Karen Guertin is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a Complaint. This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

### A.  Factual and Legal Allegations.

Plaintiff's Complaint is long and difficult to follow. She alleges that she was the owner of property located at 7220 Morrison Street, Las Vegas, Nevada, 89148. On May 10, 2006, she received a loan for the purchase of the property from SFG Mortgage. The Deed of Trust ("DOT"), attached to the Complaint as Exhibit A, lists Defendant Mortgage Electronic Registration Systems, Inc., as the beneficiary and as the nominee for the lender, SFG Mortgage. The DOT was recorded with the Clark County Recorder's Office on May 25, 2006. Plaintiff requested a loan modification from Defendant OneWest Bank, FSB ("OneWest"), the servicer of Plaintiff's mortgage[1]. Defendant OneWest advised Plaintiff that she could not receive a loan modification until she was at least ninety days delinquent on her account. Plaintiff stopped making her monthly mortgage payments. Ninety days later, Plaintiff again contacted OneWest for a loan modification. Plaintiff did not obtain a loan modification; OneWest advised her that a reduction of principal was not permitted by the "Investor."[2]

On September 9, 2009, Defendant OneWest "using the name IndyMac" fraudulently recorded a Notice of Default/Election to Sell Under Deed of Trust with the Clark County Recorder's Office. Plaintiff contends that the Notice of Default was defective because the Defendants lacked the authority to begin a foreclosure proceeding against her property. Additionally, Defendant Regional Trustee

---

[1] Plaintiff indicates IndyMac Federal Bank, FSB ("IndyMac") was the original loan servicer, and IndyMac was later purchased by OneWest.

[2] Plaintiff's Complaint provides no additional information about the "Investor."

Services Corporation ("RTSC") was not properly appointed as trustee or named as an agent for the beneficiary under the DOT. She contends the Substitution of Trustee, naming RTSC as trustee under the DOT, was a fraudulently-created document, back-dated to the same date as the Notice of Default. Plaintiff alleges the Substitution of Trustee is fraudulent because "none of the Defendants have been duly assigned as having any beneficial rights under the [DOT]." Complaint at ¶45.

Plaintiff also contends the Corporate Assignment of Deed of Trust, attached to the Complaint as Exhibit B, is a fraudulently-created document. The document, recorded on September 23, 2009, with the Clark County Recorder's Office purports to assign IndyMac Federal Bank FSB's beneficial interest under the DOT to Deutsche Bank National Trust Company, as Trustee for Defendant IMSC Mortgage Loan Trust 2007-F2, Mortgage Pass-Through Certificates, Series 2007-F2 ("IMSC"). Plaintiff alleges that it was impossible for IndyMac/OneWest to assign the beneficial interest under the DOT to Defendant IMSC because IMSC "was closed at the time of the purported assignment." Plaintiff has attached the Prospectus and Pooling and Servicing Agreement for IMSC as Exhibits C and D, respectively, to support her claims.

Plaintiff also alleges that she sent OneWest a qualified written request ("QWR") pursuant to 12 U.S.C. § 2605(e). She confusingly asserts that "Defendant BAC" failed to acknowledge receipt of the QWR. She contends Defendants have attempted to obscure the true holder of the notes and obstruct the investigation of the chain of title. Plaintiff also makes the following conclusory allegations: (a) that the Note and DOT have been separated and not properly handled; (b) that Defendants are not in possession of the Note and are not holders in due course; and (c) that Defendant RTSC fraudulently sold her home to Defendant IMSC at a public auction.

In her first and second causes of action, Plaintiff contends that Defendant OneWest committed fraud when it told her she could only obtain a loan modification if she was in default and because it told her they would give her a loan modification if she did not pay her mortgage for three months. Additionally, she asserts OneWest misrepresented that it had to obtain authorization from the Investor to obtain a loan modification because OneWest had full authority to provide a loan modification in its sole discretion. She asserts that because she relied on these representations, her credit was damaged, and she suffered emotional distress.

In her third cause of action, Plaintiff contends that Defendants violated RESPA in the following ways: (a) by double charging for the same services and charging excessive and predatory fees; (b) by failing to correctly disclose fees, finance charges, the correct amount financed, and the annual percentage rate of interest; and (c) by failing to provide any account history and application of payments in connection with Plaintiff's loan.  Additionally, she alleges that Defendants failed to acknowledge her QWR within twenty days and failed to provide a written report of the findings requested in the QWR within sixty days in violation of 28 U.S.C. § 2605(e).

In her fourth cause of action, Plaintiff asserts that Defendants did not have the authority to institute the foreclosure process against her home because none of the Defendants are holders of the instrument, and they are not entitled to enforce the loan.  Additionally, Defendant RTSC did not have authority to execute and record the Notice of Default because it was never correctly assigned as the trustee.

In her fifth cause of action, Plaintiff alleges that because the Notice of Default was filed without proper authority, Defendants violated the Fair Debt Collection Practices Act.

In her sixth cause of action, Plaintiff contends the DOT was fraudulently assigned to other parties because it had been separated from the Note.  She contends Defendants' use of robo-signing is "flawed and has no purpose other than that of mass cover up of Mortgages that were never properly assigned." Complaint at ¶110.

In her seventh cause of action, Plaintiff asserts that Defendants committed notary fraud by causing documents to be notarized that they knew to be fraudulent.

Finally, in her eighth and ninth causes of action, Plaintiff seeks an order releasing Defendants' deeds of trust and providing quiet title to the property.  She also requests a declaration of the parties rights under the Note and DOT

**B.     Applicable Law & Legal Analysis.**

**1.     RESPA.**

Plaintiff alleges Defendants violated 12 U.S.C. § 2605(e) by failing to respond to her qualified written request under section 2605.  Section 2605 provides that a borrower may send a qualified written request to his or her loan servicer which includes his or her account number and a statement of the

1  reasons he or she believes his or her account is in error.  Alternatively, the request may also seek other
2  information, provided the borrower states sufficient detail regarding that information.  12 U.S.C.
3  § 2705(e)(1)(B).  The servicer is then required, within sixty days, to make appropriate corrections to the
4  borrower's account and send the borrower notification of any corrections.  Additionally, after
5  conducting an investigation, the servicer must send a written explanation to the borrower that includes a
6  statement of reasons the account is correct, the name of the person at the servicer's place of business
7  who can assist the borrower, and the information requested by the borrower or an explanation why the
8  information cannot be obtained by the servicer.  12 U.S.C. § 2705(e)(2).
9        Here, Plaintiff alleges that the original loan servicer was IndyMac, but IndyMac was
10 subsequently purchased by OneWest.  She alleges she mailed a QWR to OneWest, but she does not
11 specify when she sent it, or what action, if any, OneWest took in response.  The Complaint does not
12 state sufficient facts to enable the court to determine whether she can state a claim against OneWest as
13 the servicer of her home loan.  Additionally, the Complaint alleges that Defendant BAC failed to
14 respond to her QWR, but there is no Defendant BAC named in Plaintiff's Complaint.  *See* Complaint at
15 ¶¶51, 92.  It is also unclear whether Plaintiff only sent a letter to OneWest or other Defendants as well.
16 *See* Complaint at ¶87 (alleging *"Defendants"* failed to acknowledge receipt of her QWR).  Her
17 Complaint does not make any other factual allegations against the other Defendants to support a
18 RESPA claim.  Accordingly, her § 2605(e) violation claim against the Defendants will be dismissed
19 with leave to amend.
20       With respect to Plaintiff's claim that Defendants violated RESPA by charging excessive fees,
21 that claim fails as a matter of law.  12 U.S.C. § 2607 does not prohibit "excessive" fees**.**  *See Ramos v.*
22 *Chase Home Finance*, – F.Supp.2d –, 2011 WL 3793346 at *9 (D. Hi. Aug. 25, 2011) (citing *Martinez*
23 *v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 554 (9th Cir. 2010) (concluding that § 2607 "cannot
24 be read to prohibit charging fees, excessive or otherwise, when those fees are for services actually
25 performed").  Accordingly, Plaintiff's claim under § 2607 will be dismissed.
26       Plaintiff's claim for violation of RESPA disclosure violations must also be dismissed.  She has
27 not identified which Defendant failed to disclose what information.  More importantly, RESPA does
28 not contain a private right of action for a failure to disclose.  RESPA's purpose is to "curb abusive

settlement practices in the real estate industry. Such amorphous goals, however, do not translate into a legislative intent to create a private right of action." *Bloom v. Martin*, 865 F.Supp. 1377, 1384-85 (N.D. Cal. 1994), *aff'd*, 77 F.3d 318 (1996) ("The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations"). Plaintiff's RESPA disclosure violation claim will be dismissed.

### 2. Fraud.

Plaintiff alleges that Defendant OneWest committed fraud by instructing her to stop making mortgage payments to obtain a loan modification. In order to state a claim for fraud under Nevada law, a plaintiff must show: (a) false statements were made by the defendant; (2) defendant's knowledge or belief that the representation is false (or an insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; plaintiff's justified reliance on the misrepresentation; and damage to the plaintiff resulting from such reliance. *Bulbman, Inc. v. Nev. Bell,* 825 P.2d 588, 592 (Nev. 1992). Additionally, Federal Rule of Civil Procedure 9(b) requires that fraud be pled with particularity. *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003) ("claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement"). Rule 9(b)'s requirement "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity;" rather, its purpose is to avoid unnecessary discovery and permit a defendant to defend against the charge rather than simply deny any misconduct. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

The Ninth Circuit has explained that to plead fraud with particularity as required by Rule 9(b), a plaintiff "must include statements regarding the time, place, and nature of the alleged fraudulent activity, and theat mere conclusory allegations of fraud are insufficient." *Vess* 317 F.3d at 1106 (citing *In re Glenfed, Inc. Securities Litigation,* 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc)*, superceded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996)); *see also Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by the "who, what, when, where, and how" of the misconduct charged).

1  Here, Plaintiff has not sufficiently pled an action for fraud under Rule 9(b). Plaintiff has not
2  provided the "who, what, when, where, and how" requirements. The Complaint does not state the
3  names of the person or people at OneWest who made the allegedly fraudulent representations, their
4  authority to speak, what they said or wrote, or when it was said or written. Accordingly, Plaintiff's
5  fraud claim will be dismissed, with leave to amend.

6  **3.  Wrongful Foreclosure.**

7  Wrongful foreclosure is a tort claim arising under state law. Under Nevada law, a plaintiff must
8  show that at the time the power of sale was exercised, or when the foreclosure occurred, no breach of
9  condition or failure of performance existed on the plaintiff's part which would authorize the foreclosure
10 or exercise of the power of sale. *See Collins v. Union Fed'l Sav. & Loan Ass'n,* 662 P.2d 610, 623
11 (Nev. 1983). In other words, a plaintiff cannot state a claim for wrongful foreclosure when she admits
12 she is in default–that is, that she stopped making payments on her mortgage. Here, Plaintiff states that
13 she stopped paying her mortgage payments in order to obtain a loan modification. *See* Complaint at
14 ¶20. Accordingly, Plaintiff's wrongful foreclosure claim will be dismissed.

15 **4.  Fair Debt Collection Practices Act.**

16 Plaintiff alleges that because the Defendants filed a Notice of Default without authorization,
17 they have violated the FDCPA. Plaintiff fails to state a valid claim under the FDCPA because
18 "[f]oreclosure does not constitute debt collection under" the FDCPA. *See Smith,* 773 F.Supp.2d at 944
19 (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1987)). Additionally, "mortgagees and
20 their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the
21 FDCPA." *Karl v. Quality Loan Service Corp.*, 759 F.Supp.2d 1240, 1248 (D. Nev. 2010) (internal
22 citations omitted). Although the Ninth Circuit has not ruled on the question, the district courts in this
23 Circuit have held that foreclosure of a mortgage in and of itself does not constitute debt collection as
24 contemplated by the FDCPA. *See Smith,* 773 F.Supp.2d at 944 (citing *Odinma v. Aurora Loan Servs.*,
25 2010 WL 2232169 at *11-12 (N.D. Cal. June 3, 2010) (collecting cases)). Therefore, Plaintiff's
26 FDCPA claim will be dismissed.
27 / / /
28 / / /

**5.     Notary Fraud.**

Plaintiff asserts, in conclusory fashion, that by notarizing and creating documents mentioned in the Complaint, Defendants have engaged in notary fraud because they knew the documents were fraudulent. Plaintiff does not set forth any facts at all to support this claim. As set forth above, fraud must be pled with particularity. Fed.R.Civ.P. 9(b). She does not specify what documents were notarized or by whom, or how she or any Defendant knew any document was fraudulent. Plaintiff has not stated a claim upon which relief can be granted, and her notary fraud claim will be dismissed.

**6.     Holder In Due Course.**

Plaintiff alleges that she has "reason to believe that Defendants are not in possession of the 'Note' in due course." Complaint at ¶62. Such a conclusory allegation cannot support a claim. She also asserts this claim against all Defendants generally without any reference to specific conduct undertaken by any particular Defendant. Moreover, courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status. *See, e.g., U.S. Bank N.A. v. Phillips*, 852 N.E.2d 380 (Ill. App. Ct. 2006); *The Frances Kenny Trust v. World Savings Bank FSB*, 2005 WL 106792 (N.D.Cal. Jan. 19, 2005); *Alcorn v. Washington Mutual Bank, F.A.*, 111 S.W.3d 264 (Tex. App. 2003). In an unpublished opinion, the Ninth Circuit has also rejected such a claim, finding that a trust deed, notice of default, and notice of sale satisfied the foreclosure requirements of Oregon law. *See Stations West, LLC v. Pinnacle Bank of OR*, 338 Fed.Appx. 658, 659 (9th Cir. 2009).[3] This claim will be dismissed.

**7.     Statutorily Defective Foreclosure.**

Finally, Plaintiff alleges that the foreclosure was defective because it did not comply with NRS 107. Under Nevada law, a deed of trust is an instrument that may be used to "secure the performance of an obligation of the payment of any debt." NRS 107.020(1). Upon default, the beneficiary, the beneficiary's successor in interest, or the trustee can foreclose on the property through a trustee's sale to satisfy the obligation. NRS 107.080(2)(c). To commence a foreclosure, the beneficiary, the

---

[3] The Ninth Circuit permits citation to unpublished opinions issued after January 1, 2007, pursuant to Fed.R.App.Proc. 32.1. *See* U.S. Ct. of App. 9th Cir. Rule 36-3(b).

beneficiary's successor in interest, or the trustee executes and records a notice of default and election to sell. *Id.* Courts in this district have held that a nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustee. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *1 (D. Nev. 2009); *Coleman v. American Home Mortg. Servicing, Inc.,* 2011 WL 6131309 at *3 (D. Nev. Dec. 8, 2011). As long as the note is in default, and the foreclosing trustee is either the original trustee, has been substituted by the holder of the note, or is the holder's nominee, there is no defect in the foreclosure under Nevada law. *Id.*

Here, Plaintiff alleges the DOT lists SFG Mortgage as the lender, Fidelity National Title as the trustee, and MERS as the beneficiary. Plaintiff alleges that OneWest, "using the name IndyMac," fraudulently executed and recorded the NOD. She asserts OneWest lacked the authority to execute the NOD and begin foreclosure proceedings against her property because OneWest was not the beneficiary under the DOT, and it was not acting as an agent of the beneficiary, or its successors as required under NRS 107.080.

Additionally, Plaintiff contends Defendant RTSC was not properly appointed as trustee or otherwise authorized under the DOT to conduct the trustee's sale as required by NRS 107.080. Therefore, RTSC did not have authority to foreclose on her home. Similarly, it does not appear, based on the allegations contained in the Complaint, that RTSC was properly substituted as trustee or had authority as an agent of the beneficiary, the lender, or their successors, to commence a trustee's sale. Accepting Plaintiff's allegations as true, she has stated a claim for statutorily defective foreclosure against OneWest and RTSC.

**8.     Fraudulent Assignment.**

Plaintiff also alleges that Defendants assigned the DOT with knowledge that the chain of title had been broken. The premise of this claim is that all of the transfers of the interests in the DOT are invalid because the designation of MERS as a beneficiary is a sham, and the MERS system splits the DOT from the Note. This theory has been repeatedly rejected by the Ninth Circuit and courts in this District. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1044 (9th Cir. 2011) (noting that MERS did not initiate foreclosure, and even if MERS is a sham beneficiary, the lender is still entitled to repayment of the loan and would be the proper party, along with its agents, to initiate

foreclosure); *Vega v. CTX Mortg. Co., LLC,* 761 F.Supp.2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortg. Servs.*, 2012 WL 214302 at *4 (D. Nev. Jan. 24, 2012); *Tapia v. California Reconveyance Co.,* 2012 WL 424853 at *3 (D. Nev. Feb. 9, 2012); *Parker v. Greenpoint Mortg. Funding, Inc.*, 2011 WL 5248171 at *4 (D. Nev. Nov. 1, 2011); *Wittrig v. First Nat'l Bank of Nevada,* 2011 WL 5598321 at *5-6 (D. Nev. Nov. 15, 2011). Additionally, Plaintiff has failed to allege the "who, what, when, where, and how" of the alleged fraud. *See* Fed.R.Civ.P. 9(b); *Vess,* 317 F.3d at 1106. For both of these reasons, Plaintiff's fraudulent assignment claim will be dismissed, with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is advised that she should specifically identify each claim and support it with factual allegations about each Defendant's actions. Complaints should not be needlessly long, highly repetitive, or rambling. Plaintiff should not submit evidence with her amended complaint–in other words, she should not file voluminous documents and other exhibits that support her claim. Instead, she should state, in a clear and concise way, what specific facts and circumstances occurred leading to the claims asserted in this lawsuit. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (stating a plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly); Fed.R.Civ.P. 8.

Additionally, Plaintiff is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based upon the foregoing,

**IT IS ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of

prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. All of Plaintiff's claims, except the statutorily defective foreclosure and quiet title claims, are DISMISSED.

5. Plaintiff shall have until **April 5, 2012,** to file her amended complaint, if she believes she can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:11-cv-01531-JCM-PAL**, above the words "FIRST AMENDED"in the space for "Case No."

7. The court will direct service at such time as it has screened Plaintiff's amended complaint, if any.  If Plaintiff elects not to file an amended complaint, the court will enter an order after April 5, 2012, directing the U.S. Marshal's Service to effect service of Plaintiff's Complaint.

Dated this 6th day of March, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE