1
2
3
4
5              **UNITED STATES DISTRICT COURT**
6              **DISTRICT OF NEVADA**
7
8   KAREN GUERTIN,                    2:11-CV-1531 JCM (PAL)
9         Plaintiff,
10  v.
11  ONEWEST BANK, FSB, et al.,
12
13        Defendants.

14                          **ORDER**

15   Presently before the court is defendant Regional Trustee Services Corporation's ("RTSC")
16 motion to dismiss plaintiff Karen Guertin's complaint. (Doc. #10). The remaining defendants have
17 not yet been served. Ms. Guertin has filed a response to the motion. (Doc. #12).

18  **I.    Background**

19   The following factual background is borrowed from the magistrate judge's screening order,
20 doc. # 4, which explains in detail the underlying facts and procedural posture of this case.

21   The dispute between Ms. Guertin and the defendants centers around the property located at
22 7220 Morrison Street, Las Vegas, NV 89148. On May 10, 2006, Ms. Guertin received a loan for the
23 purchase of the property from SFG Mortgage. The deed of trust, attached to the complaint as Exhibit
24 A, lists defendant Mortgage Electronic Registration Systems, Inc., as the beneficiary and as the
25 nominee for the lender, SFG Mortgage. The deed was recorded with the Clark County Recorder's
26 Office on May 25, 2006. Ms. Guertin allegedly requested a loan modification from defendant
27 OneWest Bank, FSB ("OneWest"), the servicer of Plaintiff's mortgage. OneWest advised Ms.
28

**James C. Mahan**
**U.S. District Judge**

1   Guertin that she could not receive a loan modification until she was at least ninety days delinquent
2   on her account. Ms. Guertin stopped making her monthly mortgage payments. Ninety days later, she
3   again contacted OneWest for a loan modification. She did not receive the modification.
4         Ms. Guertin alleges that on September 9, 2009, defendant OneWest "using the name
5   IndyMac" fraudulently recorded a notice of default/election to sell with the Clark County Recorder's
6   Office. Ms. Guertin contends that the notice of default was defective because the defendants lacked
7   the authority to begin a foreclosure proceeding against her property. Additionally, moving defendant
8   RTSC was not properly appointed as trustee or named as an agent for the beneficiary under the deed
9   of trust. Ms. Guertin contends the substitution of trustee, naming RTSC as trustee under the deed
10  of trust, was a fraudulently-created document, back-dated to the same date as the notice of default.
11        Ms. Guertin explains her allegation by contending that the substitution of trustee is fraudulent
12  because "none of the defendants have been duly assigned as having any beneficial rights under the
13  deed of trust." Complaint at ¶45. Ms. Guertin further argues that the corporate assignment of deed
14  of trust, attached to the complaint as Exhibit B, is a fraudulently-created document. The document,
15  recorded on September 23, 2009, with the Clark County Recorder's Office purports to assign
16  IndyMac Federal Bank FSB's beneficial interest under the deed of trust to Deutsche Bank National
17  Trust Company, as Trustee for defendant IMSC Mortgage Loan Trust 2007-F2, Mortgage Pass-
18  Through Certificates, Series 2007-F2 ("IMSC"). Ms. Guertin alleges that it was impossible for
19  IndyMac/OneWest to assign the beneficial interest under the deed to defendant IMSC because IMSC
20  "was closed at the time of the purported assignment." Ms. Guertin has attached the prospectus and
21  pooling and servicing agreement for IMSC as Exhibits C and D, respectively, to support her claims.
22        Ms. Guertin also alleges that she sent OneWest a qualified written request pursuant to 12
23  U.S.C. § 2605(e). She asserts that "Defendant BAC" failed to acknowledge receipt of the qualified
24  written request. She contends defendants have attempted to obscure the true holder of the notes and
25  obstruct the investigation of the chain of title. Ms. Guertin also makes the following conclusory
26  allegations: (a) that the note and deed of trust have been separated and not properly handled; (b) that
27  defendants are not in possession of the note and are not holders in due course; and (c) that moving
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  defendant RTSC fraudulently sold her home to defendant IMSC at a public auction.

2  The magistrate judge screened Ms. Guertin's complaint pursuant to 28 U.S.C. § 1915(a). In screening the complaint, the magistrate judge found that the majority of the complaint failed to state a claim for which relief could be granted. However, the magistrate judge allowed Ms. Guertin's claims for statutorily defective foreclosure and quiet title to proceed. RTSC has now moved to dismiss those remaining claims as well, arguing that the statute of limitations has elapsed.

**II.   Discussion**

*A.   Standard of Review*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint

**James C. Mahan**
**U.S. District Judge**

have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

    B.    Analysis

Ms. Guertin seeks to set aside a foreclosure sale that commenced with the filing of a notice of default and election to sell on September 9, 2009.  The nonjudicial foreclosure statute, NRS § 107.080(5) requires that any complaint to set aside a foreclosure action be filed within 90 days of the foreclosure sale.  Specifically, the statute states: "a sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if . . . an action is commenced in the county where the sale took place within 90 days after the date of the sale. . ." NRS § 107.080(5).  As explained, the notice of default was recorded in 2009.  The action, however, was filed in 2011.  This two year delay far exceeds the 90-day statutory window.  Accordingly, Ms. Guertin's claims of statutorily defective foreclosure must be dismissed.

As Ms. Guertin's claim to the property stems from her allegation of defective foreclosure, her attempts to quiet title in her name must also fail.

## III.    Conclusion

In light of the foregoing, the court finds it appropriate to grant RTSC's motion to dismiss and dismiss the complaint.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #10) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the lis pendens encumbering the property located at 7220 Morrison Street, Las Vegas, NV 89148 APN: 176-05-416-015 be, and the same hereby is, EXPUNGED.

The clerk of the court is ordered to enter judgment accordingly.

DATED July 31, 2012.

                                  /s/ James C. Mahan
                                UNITED STATES DISTRICT JUDGE